Filed 6/17/14  P. v. Jerry Smith CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> JERRY SMITH, <br><br>    Defendant and Appellant. | 2d Crim. No. B253222 <br> (Super. Ct. No. YA032923) <br> (Los Angeles County) |

Jerry Smith appeals from the order denying his petition to recall his 26 year-to-life sentence pursuant to the procedures set forth under Penal Code section 1170.126, added by Proposition 36, the Three Strikes Reform Act of 2012.[1]

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.

We advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  Appellant filed a supplemental letter brief contending that Proposition 36 violates his equal protection rights and the court erred in considering his juvenile record in denying a section 1385 *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) to strike his prior strike convictions when he was sentenced in 1997.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In 1997, appellant was convicted of possession for sale of cocaine base (Health & Saf. Code, § 11351.5) with special findings that he had suffered two prior strike convictions (§§ 667, subds. (b) - (i); 1170.12, subds. (a) -(d)) and a prior prison term enhancement (§ 667.5, subd. (b)).  Appellant was sentenced to 26 years state prison as a Third Striker.  In 1999, we affirmed the conviction in an unpublished opinion. (B118126.)  In 2005 appellant filed a habeas corpus petition which was denied by the Los Angeles County Superior Court on August 5, 2005,  a second habeas petition which was denied by this court on September 15, 2005 (B185541),   a third habeas petition which was denied by the California Supreme Court on July 26, 2006 (S138092),  and an application to file a successive habeas petition which denied the United States Court of Appeals, Ninth Circuit on December 2, 2008 (Case No. 08-73818).

On October 6, 2013, appellant filed a petition to recall his sentence pursuant to section 1170.126   which was denied because appellant had a prior conviction for attempted murder (§§ 664/187) that renders appellant ineligible for resentencing relief (§ 667, subd. (e)(2)(C)(iv)(IV).

Appellant's supplemental letter brief claims Proposition 36 as applied violates his equal protection rights, an argument that has been previously rejected by our courts.[2]  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 178-179 [state and federal Constitutions do not require retroactive application of legislation reducing punishment for a crime]; *People v. Superior Court* (*Kaulick*)  (2013) 215 Cal.App.4th 1279, 1305-1306 [rejecting equal protection arguments].)  The supplemental letter brief further states that the trial court erred in considering appellant's juvenile record in denying his 1385 motion to strike a prior strike conviction.  Petitioner attempted to raise the issue in a companion habeas petition which was denied by the trial court.  A litigant is not entitled to raise an issue on habeas corpus after having failed to raise the same issue on direct appeal.  (*In re*

---

[2] Appellant has filed a companion petition for writ of habeas corpus raising the same equal protection claim.  We summarily deny the habeas petition by separate order. (B255229.)

*Reno* (2012) 55 Cal.4th 428, 490-493.) Nor are orders denying a habeas petition appealable. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

We have read and considered appellant's supplemental letter brief, his petition for recall of sentence, and other materials from the trial court. We are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 125-126.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.

No appearance for Respondent.